The next case for argument is 13-7126 Joyner v. Gibson Ms. McKenzie, whenever you are ready. Ms. McKenzie Thank you, Your Honor. May it please the Court. Terrell Joyner enlisted in the Marine Corps at age 18, served honorably for four years including in Operation Enduring Freedom and Operation Iraqi Freedom. Congress has enacted two statutes to compensate veterans like Mr. Joyner who are hurting as a result of their service to this country, 38 U.S.C. Section 1110 and 38 U.S.C. Section 1117. Ms. McKenzie And it's a little pokeling at least to me the detailed emphasis you have on 1110 since that statutory provision presents so many more hurdles and the question of whether or not you actually raised it, etc. So am I incorrect that 1117 is really where your Ms. McKenzie I would agree, Your Honor, that we have an easier path to victory under Section 1117. The government has conceded that the Veterans Court erred in its interpretation of that particular statute. 1110 is a little bit more complicated. The reason why it's important to our client is because the record is a little underdeveloped here. If the case goes back down as we believe it should, it's possible that the agency would decide that there is a diagnosis here which would take them out of 1117, which is why 1110 is important to Mr. Joyner in particular, but it's also just important to veterans. Sanchez-Benitez is a case precedent that's been around for a long time. It's a unique opportunity for this court to address the question that is identified as interesting and perplexing in that case. It's fair to say that Mr. Joyner fashioned his claim here as an 1117 case, right, not an 1110 case. I'm talking about before you entered the picture. At the stage of the Veterans Court, yes. The assignment of error to the board was that it did not address Section 1117. That's correct, Your Honor, but this court has jurisdiction and can address any decision by the Veterans Court on a rule of law that it relied on, and it plainly did rely on an interpretation of Section 1110 here when it said pain alone is not sufficient to constitute a disability. It cited the Section 1110. It cited the Sanchez-Benitez, which is the case interpreting Section 1110, so it is before this court. Well, what's before this court is interpreting 1110 in the context of deciding what 1117 means. That doesn't necessarily mean we have the authority to resurrect a waived claim. The fact that the Veterans Court spoke on 1110, I didn't read their opinion as denying you an entitlement to benefits on 1110 in any express fashion because you didn't appeal that. I read their opinion as saying, with regard to what is appealed to us, let's look at these two statutes side by side and try to appreciate how the 1117 claim should be handled and what that statute should mean. Understood, Your Honor. What the Veterans Court was trying to decide was whether the argument was reasonably raised by the record. In doing that, though, it was deciding what the term disability means, and the term disability appears in both Section 1110 and Section 1117. I think a fair reading of the Veterans Court's opinion is it was deciding this is what disability means for the general statute 1110 and importing that into Section 1117. So we do believe it was something that they relied on, but again, this jurisdictional question only applies to Section 1110. The government doesn't even dispute that this court has jurisdiction to Why isn't, as the government argues, there harmless error here, given the factual findings below? There were no factual findings below, Your Honor. Both the board and the Veterans Court pre-terminated Mr. Joyner's claim on the legal proposition that pain just isn't good enough. They didn't make any factual findings as to whether his evidence that he was suffering from pain was sufficient, whether it was chronic, any number of things that should be addressed on remand. If we were to determine that the board decision was really trying to evaluate whether Mr. Joyner is currently suffering from pain and then ultimately concluded that he's not, or at least there's no objective evidence to corroborate that claim, then is that good enough to affirm the Veterans Court? If this is a finding that was made by the board? If there is a factual finding that would be an alternative ground for affirmance, then we would agree that this court wouldn't have jurisdiction because this court can only address legal questions, but neither the board nor the Veterans Court made any factual findings. Well, the government sites, let's just take you to the heart of the one that they rely on, instead of talking in the abstract, site A-17, the fact finding number four. This is from the Board of Veterans' Appeals decision where it says the veteran currently is not shown to have a neck condition due to an injury or other events of his active service. No neck condition. Yes, Your Honor. The recitation of the findings, in fact, need to be viewed in the light of the analysis, the reasons and bases the board later sets out, and that's at page 834 and 835. And they're addressing the neck condition, whether there's evidence that there's something wrong with his muscle or his joint. They're not addressing pain. They're not disputing that he's suffering from pain. What they're saying is in order to satisfy the statute, you need to have an underlying diagnosis, and you don't. In fact, the board went so far as to say that Mr. Joyner was competent to report his symptoms of pain. The VA examiner in 2006 described him as a reliable historian. Nobody at any point has disputed that Mr. Joyner is in fact pain. At every stage of the way, they pre-terminated his claim because they felt pain is just not relevant unless you have an underlying diagnosis. And you clearly do not need to have that for Section 1117 as the government has conceded. What is it that the government conceded that you don't need under 1117? You don't need to, if you have pain, which is a manifestation of a chronic disability, you don't need to be able to link that to an injury or disease or an occurrence in service. You get a presumption of service connection. So you wouldn't need to show, for example, that it was tied to you pulled your neck or that you had some sort of illness. Right. But at the same time, would you agree that the veteran still has to establish, either through medical evidence or maybe even non-medical evidence, some type of evidence that supports his subjective claim that he's suffering from pain? Your Honor, the regulations state that you would need objective corroboration of your subjective assertions of pain. There is evidence in the record of that. It is the fact that he was treated for pain. Physicians are not in the habit of prescribing muscle relaxants or anti-inflammatories if they haven't observed it. That was back in 2002 and 2004, though, right? In 2005 and 2006 as well, yes, Your Honor. So, I mean, don't you need to have a current undiagnosable illness where you're suffering from pain? Well, so the record closed in 2011 because that's when the Board's decision came down. On remand, Mr. Joyner would be free to submit additional evidence into the record to support his claim for pain all the way through this period. But I would also note that even if his issue had resolved as of today, he would still be entitled to a remand and further discussion of what happened in the period for which he does have evidence that he's suffering from pain. I don't want to misstate what I'm sure the government will tell us what its position is, but the way you characterized it a minute ago isn't really consistent with my understanding of it. I didn't understand the government to be acquiescent in the notion that if he has pain, he automatically gets a presumption of service connection. What I understood the government to be saying, and they'll clearly correct me if I'm wrong, is that they're not disputing that evidence of pain could potentially establish or be evidence included in establishing an undiagnosed illness under the regulation and under 1117. Is that what you understand them to be arguing, or do you really understand them to be acquiescing in the notion that if the guy's got pain, he meets 1117 as a presumption? I would make the more nuanced point that if the guy's got pain, then there's more work we need to do under Section 1117, and that the Veterans Court erred by cutting him off just by saying pain is never enough. That's what I understand the government to be saying. Good morning, Your Honors. May it please the Court, pain alone, absence and underlying illness or injury, is not a compensable disability under either 1110 or 1117. To be clear about our concession in error in the Veterans Court's decision, it's a very narrow and ultimately harmless error. We do not concede that under 1117, pain alone would be sufficient to warrant compensation. The statute specifically talks about pain as being one sign or symptom that could be a manifestation of an undiagnosed illness. So the piece of evidence here that Mr. Joyner is missing for an 1117 claim is some medical evidence that he has an illness. The medical community cannot put a label on that illness. And if we look back... And if we were to read the Veterans Court decision and conclude that the Veterans Court's decision was predicated purely on the erroneous interpretation of 1117, so it was a legal error and didn't do any kind of fact-finding or analysis or a review of the factual record, then would you agree that if that's the way we read the Veterans Court's decision, then we should remand it so that they can do that very fact-finding? The Veterans Court did do that fact-finding. Well, let's say in my hypothetical that we read the Veterans Court differently than you do. Then should we remand? Because all we see as a basis for the Veterans Court's decision is an interpretation of the law that's wrong. If the court finds that there's an interpretation of the law that's wrong and that the court cannot identify as being harmless error, then, yes, of course, the appropriate remedy would be a remand. No, we don't believe that there's a legal error in the Veterans Court's decision. You don't believe there's a legal error. I don't believe there's any error. But in your brief, I thought I understood you to acknowledge that the fact, at least statements made regarding pain in the Veterans Court opinion were wrong. That would be a legal error because that's an interpretation of 1117. And then I understood you to argue it was harmless error. Right. So the error that we perceived is, one, the citation to 1110, which seems to be probably no more than a typographical error, and, two, the idea that pain alone, that the pain as a manifestation of an undiagnosed illness could not qualify as a disability under 1117. And I think if the court goes a little further in that paragraph on page 12 of the Joint Appendix in the Veterans Court's decision, the Veterans Court correctly states the facts here. The fact here is not that Mr. Joyner has a disability for which an examiner is unable to identify a cause, i.e., that might qualify him under 1117. The evidence here is that Mr. Joyner simply does not have a disability. So the factual findings are that, as the medical examiner found in 2006, he has no limitation in range of motion. The pain in his neck does not interfere with his ability to work or to do tours at home. Now, that would go to whether or not he's 10% or more disabled, which is a different section. There are no fact findings about what you just said. There are no fact findings in here that the pain he complains of doesn't or does allow him to work or allows him to do all that. I didn't see any of that. I think that's exactly Judge Chen's point is, you know, you're absolutely right. If all those fact findings were in this record, then maybe we could conclude the time was there, but they're not. Well, those are the facts that the Veterans Court – One, I mean, one, that's the medical evidence that the board was considering and that the Veterans Court was looking at. But, you know, the Veterans Court does go through the facts here, and in pages 8 and 9 of the Joint Appendix, and 10, it does go through that medical evidence. Can you just explain to me again? I guess I'm just – maybe I'm a little confused by what you're saying. You concede that the statement pain alone does not constitute a disability is not a correct statement, right? I think that the more – pain alone is not a compensable disability. Absent an underlying illness, whether it's diagnosed or undiagnosed. And you're saying that under 117, pain alone doesn't get you there. You also have to have what? You have to have a medical statement saying there's an undiagnosed disability that's creating the pain? Under 1117A, the term qualifying chronic disability means a chronic disability resulting from an undiagnosed illness. Well, what is an undiagnosed illness? If somebody has to say you've got pain, let's assume someone has pain and they've established they've got serious pain. And you're saying the statute then, you need a medical opinion to say not just that we can't diagnose the source of the pain, but that it's an undiagnosed illness? Yes, and maybe I can go back. That's absurd. And I don't even understand how you can argue this right now. On page five of your brief, I'm reading, in the course of deciding Mr. Joiner's section 1117 claim, the Veterans Court erred by stating that pain alone does not constitute a disability. I don't see how that isn't the whole ball of wax. You have admitted the Veterans Court erred by stating pain alone cannot constitute a disability. Apropos, pain alone can constitute a disability, and the government has acknowledged that. So I don't understand what you're saying now. That doesn't... Seems inconsistent. Well, and I apologize if... Are you saying there's an outcome-determinative distinction between someone establishing that you have pain without coming up with a diagnosis, a source for that, but that you affirmatively have to say there's an undiagnosed illness that results in the pain in order to qualify under 117? Yes, and the reason for that is if we... And I know that sounds absurd, and I understand the Court's point, but if the Court looks at the... The reason why 1117 was enacted by Congress was that we had Persian Gulf veterans returning from service who had a multiplicity of symptoms, hair loss, fatigue, muscle pain, joint pain, and the medical community could not identify a diagnosis at that point, that there was... The medical evidence, the medical research had not yet been able to identify... Knew there was something wrong with these veterans, but couldn't identify a name or a label for that. And what Congress and the Secretary did... So in this case, if you come in and you say, I've got serious pain, and the physicians say, and we can't identify a cause for that pain, is that sufficient under 117? Or are you saying you need some other kind of diagnosis to establish that there's an undiagnosed illness? An undiagnosed illness would be established when there are findings present that cannot be attributed to a known, clearly defined diagnosis after all likely diagnostic possibilities for such abnormalities have been ruled out. So yes, the case would be that the veteran has these symptoms, and the medical... And no one can figure out what's wrong with them. And no one can figure out what's wrong with them. By contrast, what we have here is Mr. Joyner has a discrete incident in the service, that he woke up one day after lifting, after PT, and then he had a pop in his neck, and it was diagnosed as a cervical strain, and that resolved. That is not... So he's treated twice, two different times. While in service, he was treated, separated by one or two years, for the identical neck pain. Then he gets out of service, and he has a car accident, and he's treated by a chiropractor afterwards for additional neck pain. If the Veterans Court had held that we find he doesn't have an undiagnosed illness, and the pain you complain of now, sir, is a result of the car accident, more likely than not, as opposed to something that occurred in service, that would be outside of our jurisdiction, and a whole different ball of wax. Nobody said anything like that. There is nothing in this Veterans Court opinion that relies upon any such fact findings or conclusions. They just say pain, not good enough. Go away. The allegation of error that was presented to the Veterans Court was that the board had not identified sufficient reasons or bases for investigating whether he might have a claim under 1117. And the Veterans Court correctly stated that he does not have a current disability, whether it's diagnosed or undiagnosed. So under either 1110 or 1117, the Veterans Court reached the correct conclusion. He said because pain isn't a disability. He doesn't have a current disability because pain alone isn't a disability. Your brief unequivocally says that was error. And it would be harmless error because we still need that additional statutory requirement of an undiagnosed illness. That pain has to be tied in a medical way, in a way that the doctor says there is no other explanation for this, that he was probably exposed to something during Persian Gulf service. Is that really it? I mean, to say that it's a result of an undiagnosed illness, so you need to have medical testimony that I have ruled out every possible conceivable diagnostic illness. I mean, really? The result to hold otherwise would be that any veteran could come in and have subjective allegations of pain, and that that would be a compensable disability. That's simply not what Congress intended. No, because I think if I understood your argument right, there has to be objective evidence to support it. And I understand that there have been opinions, which you included in the back or the appendix, that say things like, for example, taking time off of work, seeing chiropractors, going to physical therapists. There has to be objective additional evidence that would support... No, a veteran coming in and saying, pain, pain, you know, my understanding is your argument is that's not enough, and I don't understand them to be disputing the idea that there has to additionally be some objective evidence in those cases. I mean, so I'm not sure that the argument you're making would really be the sky is falling, because there has to be some objective evidence. I guess, yes, a veteran could manufacture it, right? But he could also manufacture an eye problem. What letter is that on the chart? Oh, a letter? What letter? Hmm, looks like an E, maybe a sailboat. You know, I mean, what's the difference between that and my neck hurts when I turn it to the left? You know, both of those are diagnostic evaluations. Are we going to say when a veteran can't read an eye chart that we're not going to credit that as having an eye condition because the doctor can't actually see a scar on his cornea of some sort? No, absolutely not. The bottom line is that the subjective allegations of pain are certainly a medical examiner has to take that into consideration, as well as objective evidence, such as missing work, limitations of range of motion, you know, that can be observed by a medical professional. But the bottom line here is that nothing in Mr. Joyner's medical record suggested anything other than a cervical strain in service that resolves itself. Did the board make that, did the CAVC make that finding? I guess I'm keep looking at page 812 where it seems like this is all mixed up mumbo jumbo with what you have disavowed, I guess, which is pain alone. I mean, that that sort of infects everything they say. But it seems like whatever their analysis did, it's just odd, it's just odd. And I thought you kind of conceded that. The last part of that paragraph, I think, the Veterans Court gets it correct. And that's perhaps where the court can find harmless error. The evidence here is not that Mr. Joyner has a disability for which an examiner is unable to identify a cause. The evidence is that he simply does not have a disability. These circumstances are not the same and did not reasonably I thought when we're talking about what they're meaning by disability, it goes back to the sentence, which I think ultimately you've acknowledged that you disavowed, which is well settled that pain alone, admittedly, the only symptom, does not constitute a disability. So once you disavow that and you say that's wrong, then how do we even know what the CAV was saying when it then said that the evidence here is that Mr. Joyner simply does not have a disability, whether it's erroneous analysis didn't affect that conclusion. I think that, again, I would just go back to the language of the statute, which requires either under 1110, a diagnosis of a current disability, medical condition or illness, or under 1117, an undiagnosed illness, since that's the provision that Mr. Joyner is relying upon. Yes, but I thought you said under 1117, you have to have a diagnosis of an undiagnosed illness, right? You have to have a medical doctor saying that he has an undiagnosed illness. Correct. The medical doctor has to say there is something wrong with this individual and I have eliminated all other possible diagnoses and the result is that it's an undiagnosed illness. And again, I think it's really important to look at the context of 1117 and the purpose was to fill the presumption where the medical community wasn't able to put labels on what were real illnesses that Persian Gulf veterans were returning with. It was not meant to be, this is not the factual scenario that Congress intended when it enacted 1117. Do you really think, I thought there was some sort of inherent presumption built into 1117. And your suggestion that the veteran then has the burden to get payment under 1117 to get a medical opinion that substantiates and rules out every conceivable alternative cause of whatever manifestation he's showing, like fatigue or whatever. The presumption is of a service connection, that there's a nexus between service in Persian Gulf and what the illness now is. So his burden under 1117 is to rule out any conceivable cause or diagnosis that could account for the symptoms he's manifesting before he could get payment? That's what the medical evidence has to suggest. And, you know, for example, oftentimes the Persian Gulf... What does that mean? Does it mean a doctor says, look, I ran a series of normal tests and I can't find any reason for the pain? I thought that was a little... Is that what you're saying? Are you saying literally you have to get a doctor to rule out every other possible conceivable cause of pain? Does the regulation 3.317A1 help explain things where it talks about how the VA will pay compensation to a Persian Gulf veteran who exhibits objective indications of qualifying chronic disability, provided such disability became manifest, you know, while in Iraq, and then at the same time, little to by history, physical examination, and laboratory tests cannot be attributed to any known clinical diagnosis? Is that the way you understand what it means to be an undiagnosed illness? What I was actually pulling was the regulatory history from that regulation, so 60 Federal Register 6660, and what the Secretary said in that rulemaking was that the regulation does not require that physicians make a diagnosis of an undefined disease. Physicians should simply record all noted signs and reported symptoms, document all clinical findings, and provide a diagnosis where possible. If the signs and symptoms are not characteristic of a known clinical diagnosis, the physicians should so indicate. This conforms with the usual standards of medical practice. So that's the kind of medical evidence that the Secretary is expecting to see, and that's not the medical evidence that was presented. Just to be clear, there's two different kinds of medical evidence we've been talking about this morning. One is the kind that corroborates some kind of symptom, right? And then the other one, the other kind of medical evidence is medical evidence that whatever your condition is, it's not attributable to some identifiable condition. Is that right? Right, and the second is sort of the conclusion or the result of taking into consideration the reports of subjective symptoms, things like x-rays, medical exams, personal observations by the doctor, reports from family members who can observe that the individual is sleeping all day long and is too tired to go to work. Those are all the kinds of things that have to be taken into consideration. But ultimately, that's just not the facts that were presented to the Board here, and the Board didn't hear. Going back to what Chief Judge Prost asked you before about A12, if we read that paragraph on A12, which leads with pain alone can't be a disability as a matter of law, and then that paragraph concludes with there's no evidence of a disability here, and we read that as being, as talking about pain, then that's erroneous, and we have to remand this. If that's the way we read that paragraph, we have to remand this. I don't, I don't, because I still believe it's a harmless error, Your Honor, because the... If we read it your way, then maybe it is a harmless error. Well, right, of course. I mean, the... If the Court looks at what the Veterans Court said and compares it to what the statute requires, that statement alone isn't enough to get Mr. Joyner remanded, because Mr. Joyner still has to be able to identify something. Now, I know that in the opening presentation, Counsel for Mr. Joyner said that Mr. Joyner may now have new medical evidence, and he would certainly be welcome to open a claim for new material evidence. Okay, so now there's a sentence in the middle, and it criticizes him for attempting to conflate the absence of a disability with the presence of a disability that is undiagnosed, of which there is no evidence in the record. So what are they saying there? This, I mean, the only disability that Mr. Joyner, that there's an actual conclusion here, was that Mr. Joyner had a cervical sprain that has been fully resolved. So he does not have a current disability based upon any of the medical evidence here. That absence of a disability is different from, there is something seriously wrong with you, we just can't put a label on it, which is what 1117 was meant to help... Well, it says, with the presence of a disability that is undiagnosed, of which there is no evidence of record. Are they talking about there's no evidence of record that there's pain, or back to their first sentence, that pain doesn't matter in any event? Pain certainly matters, but it's a sign or a symptom, it's a manifestation of something. And that something could be one of these sort of Persian Gulf Syndrome type illnesses that veterans were returning from, or it could be the residuals of a cervical strain that was due to car accident or due to lifting weights or something like that. And that pain would be taken into consideration by the medical examiner. And for example, rating a cervical strain would be rating the range of motion of your neck. Well, the medical examiner in this case said he had no limitation of range of motion. So to the extent he has any pain, that pain is not affecting his functional impairment, not affecting his ability to... his earning capacity. So I think that's the distinction. If we were to remand, would he be permitted to introduce more medical evidence to support his claim of suffering from an... Yeah, I mean, Mr. Joyner's always, you know, he's always free to submit... and he's always free to make a new claim based upon new and material evidence as well. Thank you, Your Honor. Your Honor, just a couple of points. We've been talking quite a bit about the Veterans Court decision, so I just want to start there. If you look at the paragraph on A12, you say, as Your Honor was pointing out, he attempts to conflate absence of a disability with the presence of a disability as undiagnosed. But the reason why they keep saying there's no competent evidence of disability is because...why? The second sentence of the paragraph, it is well settled that pain alone, admittedly the only symptoms Mr. Joyner experiences, does not constitute a disability. That idea that pain is not enough infected every step of this process. The reason why there's no medical examiner indication of what is pain can be attributed to or whether it's disabling is because, because of Sanchez-Benitez, there's just an understanding in this process that pain isn't good enough. So the right thing to do here is to remand, to sort all this out. There were no fact findings by either the board or the Veterans Court as to the sufficiency of evidence of pain, the extent to which his pain was impairing, or anything like that. Given what the government has said about the erroneous nature of that statement, I think this court should vacate the Veterans Court's decision and remand. If Your Honors don't have any other questions. Thank you. Thank you.